UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE A. TORRENCE,
    Petitioner,

v.

ROBERT NEUSCHMID,
    Respondent.

Case No. 19-cv-05214-JCS (PR)

**ORDER TO SHOW CAUSE**

# INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 4.)

The petition states cognizable claims. On or before **November 25, 2019**, respondent shall file in response to the petition an answer or a dispositive motion.

# BACKGROUND

According to the petition in 2014 an Alameda County Superior Court jury convicted petitioner of murder, attempted murder, shooting from a motor vehicle, and the use of a firearm by a felon. Various sentencing enhancement allegations were found true. A sentence of 121 years to life was imposed.

# DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) his Confrontation Clause rights were violated; (2) the trial court wrongly admitted evidence in several instances; (3) the trial court failed to give a certain jury instruction; and (4) there was cumulative error. When liberally construed, these claims are cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall mail a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also mail a copy of this order on petitioner.

2. On or before **November 25, 2019**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **November 25, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion,

2

petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 4.)

9. Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

10. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** September 23, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE A. TORRENCE,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT NEUSCHMID,<br>　　　　Defendant. | Case No. 19-cv-05214-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on September 23, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie A. Torrence ID: #AU2396
California State Prison Solano
P.O. Box 4000
Vacaville, CA 95696

Dated: September 23, 2019

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:____*Karen L. Hom*____
　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO